**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**


| | | |
|---|---|---|
| **LARRY L. BROWN, JR.** | : | **CIVIL ACTION** |
| | : | |
| **vs.** | : | **NO.  1:12-cv-01710-UNA** |
| | : | |
| **MAYA T. TAYLOR, ANDRE TAYLOR,** | : | |
| **UNUM LIFE INSURANCE COMPANY** | : | |
| **OF AMERICA, PNC BANK, N.A.,** | : | |
| **and BANK OF AMERICA** | : | *Document Electronically Filed* |


**BRIEF IN SUPPORT OF THE
MOTION FOR DISMISSAL AND/OR SUMMARY JUDGMENT
OF DEFENDANT, UNUM LIFE INSURANCE COMPANY OF AMERICA**



**WHITE AND WILLIAMS LLP**

James S. Yoder (DE# 2643)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: 302-467-4524
Fax:    302-467-4554
Email:  yoderj@whiteandwilliams.com
            and
Elizabeth A. Venditta, Esquire
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395
Phone: 215-864-6392
Fax:    215-789-7592
Email:  *vendittae@whiteandwilliams.com*


Attorneys for Defendant,
Unum Life Insurance Company of America


Dated:      December 20, 2012

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..........................................................................................ii, iii, iv, v

I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS............1

II.     SUMMARY OF THE ARGUMENT ...........................................................................2

III.    CONCISE STATEMENT OF FACTS .......................................................................2

IV.     ARGUMENT ...............................................................................................................5

        A.      Standard for Dismissal/Summary Judgment......................................................5

        B.      The Survivor Benefits At Issue Are Subject to ERISA .....................................6

                1.      A Plan, Fund, or Program ........................................................................7

                2.      Established or Maintained.........................................................................8

                3.      By an Employer .......................................................................................9

                4.      For the Purpose of Providing Benefits.....................................................9

                5.      To Participants or Their Beneficiaries ....................................................10

        C.      ERISA's Sweeping Preemption Provision Preempts Plaintiff's State Law
                Claims and Damages Demands ........................................................................10

                1.      Plaintiff's Breach of Contractual Obligation, Breach of a Duty of Care
                        in Administering Benefits and Recovery for an Obligation to Pay
                        Benefits Claims Are Preempted by ERISA ..............................................12

        D.      Dismissal Is Further Warranted as Plaintiff Failed to Exhaust ERISA
                Administrative Remedies..................................................................................13

V.      CONCLUSION ..........................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Aetna Health Inc. v. Davila,
    542 U.S. 200, 208, 209 (2004) ............................................................................11

Alessi v. Raybestos-Manhattan, Inc.,
    451 U.S. 504, 523 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981) .....................................11

Ashcroft v. Iqbal,
    129 S.Ct. 1937, 1949 (2009) ..............................................................................5

Bds. of Trs. of the Sheet Metal Workers Local Union No. 12 Combined Funds v. TQA
    Fabrications, Inc.,
    2006 U.S. Dist. LEXIS 14220, at *5-6 (W.D. Pa. Mar. 30, 2006) ...........................5

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 127 S.Ct. 1955 (2007). ..................................................................5

Berger v. Edgewater Steel Co.,
    911, 916 F.2d 911 (3d Cir. 1990), cert. denied, 499 U.S. 920 (1991) ................2, 13

Block v. Pitney Bowes Inc.,
    952 F.2d 1450, 1455 (D.C. Cir. 1992) .................................................................14

Butero v. Royal Maccabees Life Ins. Co.,
    174 F.3d 1207, 1214 (11th Cir. 1999) .................................................................9

Credit Manager Ass'n v. Kennesaw Life & Acc. Ins. Co.,
    809 F.2d 617, 625 (9th Cir. 1987) .......................................................................8

D'Amico v. CBS Corp.,
    297 F.3d 287, 291 (3d Cir. 2002) ................................................................2, 13, 14

Davis v. Time Ins. Co.,
    698 F.Supp.1317 (S.D. Miss. 1988) ......................................................................9

Deibler v. United Food and Commercial Workers' Local Union 23,
    973 F.2d 206, 209 (3d Cir. 1992) ..........................................................................7

DeLong v. Teacher's Insurance and Annuity Assoc.,
    2000 WL 426193, at *5 (E.D. Pa. Mar. 29, 2000) ...................................................2

Dieffenbach v. CIGNA, Inc.,
    310 Fed.Appx. 504, 2009 WL 27426, at *3 (3d Cir. 2009) ......................................6

10315565v.1

Donovan v. Dillingham,
   688 F.2d 1367 (11th Cir. 1982) ...................................................................................7, 8

Ezaka v. Nanticoke Health Services, Inc.,
   752 F. Supp. 2d 476, 48-481 (D. Del. 2010) ...................................................................1

FMC Corp. v. Holliday,
   498 U.S. 52, 58 (1990)....................................................................................................11

Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
   463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).................................................6

Grossmuller v. Int'l Union,
   715 F.2d 853, 859 (3d Cir. 1983)...................................................................................13

Hansen v. Continental Ins. Co.,
   940 F. 2d 971, 978 (5th Cir. 1991) ..................................................................................9

Harrow v. Prudential Ins. Co.,
   279 F.3d 244, 252-54 (3d Cir. 2002) .............................................................................13

Heller v. Fortis,
   142 F.3d 487, 489 (D.C. Cir. 1998) ...............................................................................14

Ingersoll-Rand Co. v. McClendon,
   498 U.S. 133, 143-145, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)...................................12

Kilkenny v. Long,
   288 F.3d 116, 122-23 (3d Cir. 2002) .............................................................................13

Lucas v. Warner & Swasey Co.,
   475 F.Supp. 1071, 1075 (E.D. Pa. 1979) ......................................................................14

Mass. Mut. Life Ins. Co. v. Russell,
   473 U.S. 134, 148 (1985)................................................................................................10

Metropolitan Life Ins. Co. v. Massachusetts,
   471 U.S. 724, 732 (1985)................................................................................................10

Metropolitan Life Ins. v. Taylor,
   481 U.S. 58, 64, 67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)............................................6

Morningred v. Delta Family-Care & Survivorship Plan,
   790 F. Supp. 2d 177, 184 (D. Del. 2011).......................................................................13

Nave v. Fortis Benefits Ins. Co.,
   No. 98-3960, 1999 WL 238949, at *1 (E.D. Pa. Mar. 30, 1999)...................................13

10315565v.1

Nikolouzakis v. Exinda Corp.,
    2012 WL 3239853, at *3 (D. Del. Aug. 7, 2012) ....................................................1

Pane v. RCA Corp.,
    868 F.2d 631, 635 (3d Cir. 1989)..........................................................................12

Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.,
    998 F. 2d 1192, 1196 (3d Cir. 1993).......................................................................1

Phillips v. County of Allegheny,
    515 F.3d 224, 231 (3d Cir.2008)..............................................................................5

Phipps v. St. Francis Hosp., Inc.,
    2011 WL 5570141, at *1 (D. Del. Nov. 16, 2011) ..................................................5

Pilot Life Ins. Co. v. Dedeaux,
    481 U.S. 41, 45-46, 47-48, 54-56 (1987)..................................................10, 11, 12

Pryzbowski v. U.S. Healthcare, Inc.,
    245 F.3d 266, 274 (3d Cir.2001)..............................................................................6

Richardson v. Aetna Life Ins. Co.,
    2001 U.S.Dist. LEXIS 21483 (N.D. Tex. 2001)......................................................8

Ritzer v. Nat'l Org. of Indus. Trade Unions,
    807 F. Supp. 257 (E.D.N.Y. 1992) ........................................................................13

Rush Prudential HMO, Inc. v. Moran,
    536 U.S. 355 (2002).............................................................................................11

Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers,
    968 F.2d. 401 (3d Cir. 1992), cert. denied, 506 U.S. 1086 (1993) ...........................2

Shaw v. Delta Air Lines, Inc.,
    463 U.S. 85 (1983)..........................................................................................10, 11

Sollon v. Ohio Cas. Ins. Co.,
    396 F. Supp. 2d 560 (W.D. Pa. 2005).....................................................................14

Tinley v. Gannett Co., Inc.,
    2000 WL 1728259 (D. Del. May 26, 2000)....................................................... 13-14

Tomczyscyn v. Teamsters, Local 115,
    590 F. Supp. 211 (E.D. Pa. 1984) ..........................................................................14

United States v. Marisol, Inc.,
    725 F.Supp. 833 (M.D. Pa. 1989) ............................................................................6

<u>Vosgerichian v. Commodore International</u>,
    862 F. Supp. 1371 (E.D. Pa. 1994) .......................................................................1

<u>Wahl v. First UNUM Life Ins. Co.</u>,
    No. 93-4813, 1994 WL 57214 (E.D. Pa. Feb. 17, 1994) ........................................13

<u>Weldon v. Kraft, Inc.</u>,
    896 F.2d 793 (3d Cir. 1990)...............................................................................2, 14

<u>Wickman v. Northwestern Nat'l Ins.</u> Co., 908 F.2d 1077, 1083 (1st Cir.), <u>cert. denied</u>, 498
    U.S. 1013 (1990)......................................................................................................9

## STATUTES

ERISA. 29 U.S.C. § 1001, *et seq.* ......................................................................................10

29 U.S.C. § 1002(1) ..............................................................................................7, 8, 9

29 U.S.C. § 1002(5) .......................................................................................................9

29 U.S.C. § 1002(6) .....................................................................................................10

29 U.S.C. § 1132 ............................................................................................................4

29 U.S.C. § 1144 ............................................................................................................4

29 U.S.C. § 1144(a) ...............................................................................................10, 11

29 U.S.C. § 1144 (c)(1)................................................................................................11

## TREATISE

James F. Jorden, Waldemar J. Pflepsen, Jr., & Stephen H. Goldberg, *Handbook on ERISA
    Litigation* § 4.04 [B][3][a] (2d ed. 2000 Supplement)..........................................14

v

I.      **STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Pursuant to Rules 12(b)(6) and 56[1] of the Federal Rules of Civil Procedure and D.Del.

LR 7.1.2, Defendant, Unum Life Insurance Company of America ("Unum Life" or "Moving

Defendant"), submits this Brief in support of its Motion for Dismissal and/or Summary

Judgment.

Moving Defendant respectfully requests a dismissal and/or summary judgment as to any

and all claims against it[2] because the Employee Retirement Income Security Act of 1974

("ERISA") is applicable to Plaintiff's claims, preempting the state law causes of action set forth

in those Counts.  Moreover, Plaintiff has failed to exhaust his ERISA administrative remedies

before proceeding in Court, further warranting dismissal of this action.

Plaintiff, Larry L. Brown, Jr. ("Plaintiff" or "Brown"), commenced this action by filing a

Complaint in the Superior Court of the State of Delaware in and for New Castle County on

October 11, 2012.  A copy of the Complaint, is submitted as Ex. 1.  On December 14, 2012

Moving Defendant filed a timely Notice of Removal to this Court on the basis of federal question

jurisdiction under ERISA.

Having removed this action from state court, Unum Life now moves for an Order of

dismissal and/or summary judgment in its favor for the reasons set forth herein and in the

accompanying numbered-paragraph Motion.

---

[1]      Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, if the Court deems matters outside the pleadings are being presented, the Motion can be treated as one for Summary Judgment.  However, "[t]he Third Circuit has held that consideration of 'an undisputedly authentic document that a defendant attaches as an Exhibit to a Motion to Dismiss' does not require that the Motion to Dismiss be converted into a Motion for Summary Judgment 'if the plaintiff's claims are based on the document.'" Vosgerichian v. Commodore International, 862 F. Supp. 1371, 1375 (E.D. Pa. 1994), citing Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F. 2d 1192, 1196 (3d Cir. 1993).  Accord: Nikolouzakis v. Exinda Corp., 2012 WL 3239853 at *3 (D. Del. Aug. 7, 2012); Ezaka v. Nanticoke Health Services, Inc., 752 F. Supp. 2d 476, 480-81 (D. Del. 2010).

[2]      See Counts II, III and IV of Plaintiff's Complaint against Unum Life asserting breach of contractual obligation, breach of a duty of care in administering benefits and recovery for an obligation to pay benefits.

## II.    SUMMARY OF THE ARGUMENT

Plaintiff's state law causes of action against Unum Life are preempted by federal ERISA law and Plaintiff's exclusive remedy, if any, would lie under the civil enforcement scheme of ERISA.  The United States Court of Appeals for the Third Circuit has repeatedly recognized that virtually all state law claims relating to an employee benefit plan, such as at issue in the case *sub judice* against Unum Life*,* are preempted by ERISA.  See e.g., Salaried Ret. Plan for Eligible Employees of Crucible, Inc. v. Nobers, 968 F.2d. 401, 406 (3d Cir. 1992), cert. denied, 506 U.S. 1086 (1993).  Pursuant to ERISA, Plaintiff's claims against Unum Life found in Counts II, III and IV of the Complaint, consisting entirely of state law claims, are subject to federal preemption and should be dismissed.

Further, Plaintiff's failure to exhaust ERISA administrative remedies warrants dismissal of this action.  It is well-settled law that ERISA requires a putative plan beneficiary to exhaust his available plan remedies prior to seeking relief in the Federal Courts.  D'Amico v. CBS Corp., 297 F.3d 287, 291 (3d Cir. 2002); Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990).  The exhaustion requirement is "strictly enforced."  Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir. 1990), cert. denied, 499 U.S. 920 (1991).

Plaintiff's action for benefits prior to exhausting his ERISA administrative remedies for same is improper and, as a result, this Court lacks statutory authority and subject matter jurisdiction over the claims for benefits set forth in Plaintiff's Complaint.  DeLong v. Teacher's Insurance and Annuity Assoc., 2000 WL 426193, *5 (E.D. Pa. Mar. 29, 2000).

## III.    CONCISE STATEMENT OF FACTS

As noted above, Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of Delaware in and for New Castle County on October 11, 2012, which was

removed by Unum Life, with the consent of all other Defendants, on December 14, 2012 on the basis of federal question jurisdiction under ERISA.

Underlying this matter is Plaintiff's assertion in his Complaint against Unum Life that it has failed to pay life insurance benefits to Plaintiff under a group policy issued by Unum Life, insuring the life of his mother, Tarice Ann Brown (the "Decedent"). Plaintiff's Complaint, ¶¶ 6-9 and 29-31, (Ex. 1). It is claimed that Unum Life made the life insurance benefits check payable to Plaintiff, Larry L. Brown, Jr., and sent that check to him at the address of Defendants, Maya T. Taylor and Andre Taylor (the "Taylors"). Plaintiff's Complaint, ¶ 14 (Ex. 1). It is further alleged that a forged signature was then endorsed on the check by the Taylors, without the authorization of Larry L. Brown, Jr., and that it was then deposited into the Taylors' account at Defendant, PNC Bank, N.A. Plaintiff's Complaint, ¶¶ 17-20 and 26-27  (Ex. 1).

Plaintiff further claims that PNC Bank, N.A. wrongfully accepted the check/deposit with the forged endorsement and that, thereafter, Defendant, Bank of America, N.A., wrongfully paid the funds to PNC Bank, N.A. Plaintiff's Complaint, ¶¶ 21-22, 41, 44, 46 and 49, (Ex. 1). Plaintiff alleges that he is the beneficiary of a $39,553.27 benefit payable under the subject group policy. Id., ¶¶ 16, 25, 29-30.

The contract which is the subject of Plaintiff's Complaint is Unum Life Group Insurance Policy No. 24875 001 (the "Group Policy") issued to the Decedent's employer, the Policyholder, Convergys Corporation, effective January 1, 1999. A true and correct copy of the Group Policy is submitted herewith and incorporated herein as Ex. 2. The Group Policy funds the *"Group Long Term Disability of Convergys Corporation's Flexible Benefits Program Plan"* of the employer, Convergys Corporation. Id.,    p. ADDLSUM-1 and 2 (emphasis supplied).

The Policyholder of the subject Group Policy, Convergys Corporation, paid for the cost

3

of the coverage under the Group Policy, i.e., paid the Group Policy premium was 100%

employer-paid.  Id., p. B@G-LTD-1.  The subject Group Policy provides eligible employees,

such as Plaintiff's Decedent, long term disability benefits, but also provides a Survivor Benefit[3]

to a decedent's eligible survivor.  See Group Policy, p. LTD-OTR-1, (Ex. 2).

     The Group Policy at issue, with premiums paid by an employer, is decidedly an

"employee welfare benefit plan" subject to ERISA and Plaintiff's Complaint against Unum Life,

consisting entirely of state law claims and seeking state law damages, fails to state a claim upon

which relief can be granted under this federal statute and Plaintiff failed to exhaust his ERISA

administrative remedies prior to bringing suit.

     In his Complaint, Plaintiff asserts three state law causes of action against Unum Life:

| | | |
|---|---|---|
| Count II | - | breach of contractual obligation |
| Count III | - | breach of a duty of care in administering benefits |
| Count IV | - | recovery for an obligation to pay benefits |

See Plaintiff's Complaint, Ex. 1.  None of these Counts, which seek to enforce alleged rights

under an employee welfare benefit plan, validly set forth a cause of action against Unum Life

because, under ERISA, Plaintiff's Complaint raises a federal question and is subject to ERISA

federal preemption.

     The Unum Life Group Policy at issue in this case is part of an employee welfare benefit

plan established and maintained by an employer, Convergys Corporation, under ERISA.  29

U.S.C. § 1001, et seq.  Federal ERISA law applies and preempts Plaintiff's state law claims and

demands as set forth in the Complaint.  29 U.S.C. §§ 1132 and 1144.

     Plaintiff admits in his Complaint that he had no knowledge of the subject Group Policy.

Plaintiff's Complaint, ¶ 10 (Ex. 1).  He contends that Unum Life has a contractual obligation to

---

[3]    Plaintiff  mistakenly identifies the Survivor Benefit as a life insurance benefit in his Complaint.

4

pay him benefits and that Unum Life has not paid him those benefits.  Id., ¶¶ 29-30.  He has failed to plead, however, that he filed a claim for such benefits and that he has exhausted his ERISA administrative remedies.  Plaintiff's failure to exhaust ERISA administrative remedies further warrants dismissal of this action.

## IV.     ARGUMENT

### A.     Standard for Dismissal/Summary Judgment

In reviewing a Rule 12(b)(6) motion, the court must accept as true all factual allegations contained in the Complaint, as well as all reasonable inferences that may be drawn from those allegations, and view them in the light most favorable to the non-moving party.  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008).  The Court, however, need not accept as true  "sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions." Phipps v. St. Francis Hosp., Inc., 2011 WL 5570141, at *1 (D. Del. Nov. 16, 2011).  In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), the Supreme Court discussed "[t]wo working principles" underlying the standard it had set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007).  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id., at 1950 (citing Twombly, 550 U.S. at 556). "In deciding a Rule 12(b)(6) motion to dismiss, a court does not have to accept or give credit to bald assertions, legal conclusions, unsupported conclusions, unwarranted inferences, unwarranted deductions, footless conclusions of law, or sweeping legal conclusions cast in the form of factual conclusions." Bds. of Trs. of the Sheet Metal Workers Local Union No. 12 Combined Funds v. TQA Fabrications, Inc., 2006 U.S. Dist. LEXIS 14220, at *5-6 (W.D. Pa. Mar. 30, 2006).  Thus,

5

a Rule 12(b)(6) motion does not serve to question a Plaintiff's well pled facts, but rather tests the

legal foundation of his claims. United States v. Marisol, Inc., 725 F.Supp. 833 (M.D. Pa. 1989).

In the case *sub judice*, the Plaintiff purports to raise only state law claims, however, the

District Court must consider whether it has jurisdiction because the claims are completely

preempted by ERISA raising an issue necessarily federal in character. See Metropolitan Life Ins.

v. Taylor, 481 U.S. 58, 64, 67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); see also, Franchise Tax

Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

In considering whether the Complaint includes any claims that are completely preempted, the

court "may 'look beyond the face of the complaint to determine whether [Plaintiffs] ha[ve]

artfully pleaded [their] suit so as to couch a federal claim in terms of state law.' " Dieffenbach v.

CIGNA, Inc., 310 Fed.Appx. 504, 507, 2009 WL 27426 at * 3 (3d Cir. 2009), quoting

Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 274 (3d Cir.2001). If the Plaintiff's claims

fall within the scope of ERISA's civil enforcement provision, they are completely preempted,

see Pryzbowski, 245 F.3d at 272, and properly dismissed.

Unum Life has brought the instant motion pursuant to Rules 12(b)(6) and 56 of the

Federal Rules of Civil Procedure, urging the court to dismiss Plaintiff's claims against it found in

Counts II, III and IV, because said claims of the Plaintiff establish that there is no genuine issue

as to any material fact in regard to ERISA applicability with respect to same, and that Moving

Defendant is entitled to judgment as a matter of law.

### B.    The Survivor Benefits At Issue Are Subject to ERISA

The group survivor benefits underlying Plaintiff's claims are part of an employee welfare

benefit plan subject to the comprehensive regulations of ERISA.

ERISA defines "employee welfare benefit plan" in part as follows:

6

> Any plan, fund, or program which . . . is established or maintained
> by an employer or employee organization, or by both, to the extent
> that such plan, fund or program was established or maintained for
> the purpose of providing for its participants or their beneficiaries,
> through the purchase of insurance or otherwise, (A) medical,
> surgical, or hospital care or benefits, or benefits in the event of
> sickness, accident, disability, death or unemployment . . . .

29 U.S.C. § 1002(1).  The Group Policy at issue with, *inter alia*, premiums paid by the employer, was clearly part of a plan established *and* maintained by an employer as part of its employee welfare benefit plan.  Thus, under prevailing law, Plaintiff's claims are governed exclusively by ERISA.

ERISA governs employee welfare benefit plans setting forth five elements for a plan, fund, or program to constitute an "employee welfare benefit plan":

| | |
|---|---|
| (1) | A plan, fund, or program, |
| (2) | Established or maintained, |
| (3) | By an employer, |
| (4) | For the purpose of providing benefits, |
| (5) | To participants or their beneficiaries. |

29 U.S.C. § 1002(1) (paraphrased in pertinent part).  See also Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982).  The policy at issue unequivocally satisfies all five elements of this definition.

### 1.    A Plan, Fund, or Program

The Donovan case established the standard for determining whether an employee benefit program constitutes an ERISA plan under criterion (1) above:

> [A] 'plan, fund, or program' under ERISA is
> established if from the surrounding circumstances a
> reasonable person can ascertain the intended
> benefits, a class of beneficiaries, the source of
> financing, and the procedures for receiving benefits.

688 F.2d at 1373.  See also, Deibler v. United Food and Commercial Workers' Local Union 23, 973 F.2d 206, 209 (3d Cir. 1992).

7

In this case, the facts unequivocally show that the benefits upon which Plaintiff's causes of action against Unum Life are based meet the <u>Donovan</u> standard.  A reasonable person could readily ascertain the "intended benefits" (survivor benefits as set forth in the Group Policy, submitted as Ex. "1");  the "class of beneficiaries" (eligible beneficiaries of Convergys Corporation employees, as defined in the said Group Policy); the "source of financing" (Convergys Corporation's payment of the premiums for its employees' coverage); and a "procedure for receiving benefits" (the claim procedures set forth in the Group Policy).  Indeed, Convergys Corporation is, in fact, the named Policyholder of the subject Policy.  Thus, the Group Policy at issue is part of a "plan, fund or program" under ERISA.

### 2.        Established or Maintained

Plaintiff's decedent's employer, Convergys Corporation established *and* maintained the coverage as an employee benefit.  It established the plan and maintained the plan by means of an insurance policy for which it paid the premiums.  Accordingly, criterion (2) has also been met in this case.

"An employer . . . can establish an ERISA plan rather easily.  Even if an employer does no more than arrange for a 'group-type insurance program,' it can establish an ERISA plan, unless it is a mere advertiser who makes no contributions on behalf of its employees." <u>Credit Manager Ass'n v. Kennesaw Life & Acc. Ins. Co.</u>, 809 F.2d 617, 625 (9th Cir. 1987).  Among other things, the purchase of insurance is a classic method by which an employer may "establish or maintain" an employee welfare benefit plan under ERISA.  ERISA expressly states that an employee welfare benefit plan providing disability benefits may be funded "through the purchase of insurance or otherwise."  29 U.S.C. § 1002(1).

Here, Convergys Corporation paid the policy premiums for the insurance coverage at

issue.  See Richardson v. Aetna Life Ins. Co., 2001 U.S.Dist. LEXIS 21483 (N.D. Tex. 2001)

(obtaining insurance coverage and/or tendering of premiums to an insurer to maintain coverage

is sufficient evidence to "fulfill both the 'established or maintained" and the "intent to provide

benefits' elements of an ERISA employee welfare benefit plan"); Wickman v. Northwestern

Nat'l Ins. Co., 908 F.2d 1077, 1083 (1st Cir.), cert. denied, 498 U.S. 1013 (1990) ("The purchase

of  . . . policies covering a class of employees offers substantial evidence that the plan, fund or

program has been established."); Davis v. Time Ins. Co., 698 F.Supp.1317 (S.D. Miss. 1988)

(holding that an employer established a benefit program by paying premiums, selecting the

insurer and providing the insurance).

### 3.      By an Employer

There should be no dispute that Convergys Corporation was Plaintiff's Decedent's

"employer" as defined by ERISA.  29 U.S.C. § 1002(5).

The ERISA standard requires that a plan be "established or maintained" by an employer.

"[W]hether a plan is 'established' [or maintained] is determined by the **employer's** conduct, not

that of any other ERISA entity."  Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1214

(11th Cir. 1999) (original emphasis); see also Hansen v. Continental Ins. Co., 940 F. 2d 971, 978

(5th Cir. 1991) ("To determine whether an employer established or maintained an employee

benefit plan, the court should focus on the **employer** and its involvement with the administration

of the plan.") (emphasis added).  Clearly, the subject Policy wherein Convergys Corporation is

the named Policyholder paying the premiums for its employees' coverage is a plan established

**and** maintained by an employer.

### 4.      For the Purpose of Providing Benefits

There can also be no dispute that the survivor benefits at issue, provided to eligible

employees, such as Plaintiff's Decedent, are the type of benefit described in ERISA.  29 U.S.C. §

9

1002(1).

### 5.  To Participants or Their Beneficiaries

Finally, Plaintiff's Decedent was eligible for the subject coverage by virtue of her employment with Convergys Corporation.  She qualified as a "participant" in the plan and her beneficiaries qualified as "beneficiaries" because at all relevant times Plaintiff's Decedent was an employee of Convergys Corporation.  ERISA defines "employee" as "any individual employed by an employer."  29 U.S.C. § 1002(6).  Thus, the survivor benefits underlying Plaintiff's claims in this action are part of an employee welfare benefit plan governed by ERISA.

### C.  ERISA's Sweeping Preemption Provision Preempts Plaintiff's State Law Claims and Damages Demands

ERISA is a comprehensive statute enacted "to promote the interests of employees and their beneficiaries in employee benefit plans," Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983), and "to protect contractually defined benefits." Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 148 (1985); see also 29 U.S.C. §§ 1001, et seq.  To effectuate the Congressional goal of a uniform national system of pension and welfare plans, § 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).

This Court should dismiss Plaintiff's claims against Unum Life, found in Counts II, III and IV of the Complaint, because ERISA preempts all state laws that "relate to" an employee welfare benefit plan. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).  Because the subject benefits are part of an employee welfare benefit plan pursuant to ERISA, the state law claims advanced by Plaintiff against Unum Life in his Complaint are subject to the broad sweep of ERISA's preemption provision.  ERISA's "deliberately expansive" preemption clause, Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 732 (1985), states that ERISA

10

"supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee

benefit plan . . . ."  29 U.S.C. § 1144(a).  ERISA defines the term "state law" broadly to include

"all laws, decisions, rules, regulations, or other State action having the effect of law, of any

state."  29 U.S.C. § 1144 (c)(1).

> The purpose of ERISA is to provide a uniform regulatory regime
> over employee benefit plans.  To this end, ERISA includes
> expansive pre-emption provisions, see ERISA § 514, 29 U.S.C.
> §1144, which are intended to ensure that employee benefit plan
> regulation would be "exclusively a federal concern."  Alessi v.
> Raybestos-Manhattan, Inc., 451 U.S. 504, 523, 101 S.Ct. 1895, 68
> L.Ed.2d 402 (1981).

Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004).

The preemption clause "establishes as an area of exclusive federal concern the subject of

every state law that 'relate[s] to' an employee benefit plan governed by ERISA."  FMC Corp. v.

Holliday, 498 U.S. 52, 58 (1990).  See also Rush Prudential HMO, Inc. v. Moran, 536 U.S. 355,

364 (2002).  A law "relates to" an employee benefit plan, . . . if it "has a connection with or

reference to such a plan."  Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983).

The United States Supreme Court has repeatedly made it clear that the preemption

provisions of ERISA are extremely broad.  Pilot Life, 481 U.S. at 45-46 ("[T]he express

preemption provisions of ERISA are deliberately expansive.");  Shaw, 463 U. S. at 96 (1983)

("The breadth of [29 U.S.C. § 1144 (a)'s] pre-emptive reach is apparent…").  The United States

Supreme Court has employed a similarly broad definition in determining whether a law  "relates

to" an employee welfare benefit plan.  A state law "'relates to' an employee benefit plan . . . if it

has a connection with or reference to such a plan.'"  Shaw, 463 U.S. at 96-97.  Furthermore,

because Congress used the phrase "relate to" in its broad sense, the United States Supreme Court

has "emphasized that the pre-emption clause is not limited to 'state laws specifically designed to

affect employee benefit plans.'" Pilot Life, 481 U.S. at 47-48.  Accord Shaw, 463 U.S. at 98

(preemption clause should not "be interpreted to preempt only state laws dealing with the subject

matters covered by ERISA - reporting, disclosure, fiduciary responsibility, and the like.").

> [A]ny state-law cause of action that duplicates, supplements, or
> supplants the ERISA civil enforcement remedy conflicts with the
> clear congressional intent to make the ERISA remedy exclusive
> and is therefore pre-empted.  See 481 U.S., at 54-56, 107 S.Ct.
> 1549; see also Ingersoll-Rand Co. v. McClendon, 498 U.S. 133,
> 143-145, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

Davila, 542 U.S. at 209.

State law causes of action "based on alleged improper processing of a claim for benefits

under an employee benefit plan, undoubtedly meet the criteria for preemption."  Pilot Life, 481

U.S. at 48.  Under these broad preemption guidelines, ERISA preempts a variety of state laws,

including all of Plaintiff's claims against Unum Life herein.

> **1.     Plaintiff's Breach of Contractual Obligation, Breach of a Duty of
> Care in Administering Benefits and Recovery for an Obligation to
> Pay Benefits Claims Are Preempted by ERISA**

The United States Supreme Court and Third Circuit Court of Appeals have repeatedly

held that ERISA preempts state law breach of contract claims that "relate to" an employee

benefit plan.  See Pilot Life, 481 U.S. at 48, 52 (holding that ERISA preempts state law claims

for breach of contract); Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989) (upholding

dismissal of state law breach of contract claims as expressly preempted by ERISA); Pryzbowski,

supra, 245 F.3d at 278 (holding that suits against insurance companies for denial of benefits,

"even when the claim is couched in terms of common law negligence or breach of contract," are

preempted).

Plaintiff's claims in Counts II, III and IV against Unum Life unequivocally "relate to" an

ERISA plan because they are based on Moving Defendant's alleged failure to pay him benefits

12

under an ERISA plan.  Therefore, Plaintiff's claims are expressly preempted by ERISA.

###     D.     Dismissal Is Further Warranted as Plaintiff Failed to Exhaust ERISA Administrative Remedies

It is well-settled that putative ERISA plan participants or beneficiaries must exhaust their available plan remedies *prior to seeking relief in the Federal Courts.*  D'Amico v. CBS Corp., 297 F.3d 287, 291 (3d Cir. 2002); Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir. 1990), cert. denied, 499 U.S. 920 (1991).  The exhaustion of administrative remedies requirement is "strictly enforced."  Berger, 911 F.2d at 916.  This court should dismiss Plaintiffs' Complaint as Plaintiff has failed to exhaust administrative remedies.

A claimant's "eligibility [for benefits] should be resolved by the plan in the first instance, not the court."  Wahl v. First UNUM Life Ins. Co., No. 93-4813, 1994 WL 57214, at *4 (E.D. Pa. Feb. 17, 1994), citing Grossmuller v. Int'l Union, 715 F.2d 853, 859 (3d Cir. 1983).  "Under ERISA, internal administrative remedies…must be exhausted prior to bringing suit in federal court."  Kilkenny v. Long, 288 F.3d 116, 122-23 (3d Cir. 2002).

"This requirement prevents ERISA disputes from over-taxing the federal courts, promotes a non-adversarial dispute resolution process, decreases the costs and time of claims settlement, and establishes a complete record for use by the reviewing court."  Nave v. Fortis Benefits Ins. Co., No. 98-3960, 1999 WL 238949, at *1 (E.D. Pa. Mar. 30, 1999), quoting Ritzer v. Nat'l Org. of Indus. Trade Unions, 807 F. Supp. 257, 260 (E.D.N.Y. 1992).

> "Courts require exhaustion of administrative remedies 'to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned.'"

Morningred v. Delta Family-Care & Survivorship Plan, 790 F. Supp. 2d 177, 184 (D. Del. 2011),

13

quoting Harrow v. Prudential Ins. Co., 279 F.3d 244, 252-54 (3d Cir. 2002).  Further,

"exhaustion of the administrative remedies creates a record of the plan's rationales."  Tinley v.

Gannett Co., Inc., 2000 WL 1728259, at *6 (D. Del. May 26, 2000).

 "[T]he general rule of the Third Circuit is that 'a federal court will not entertain an

ERISA claim for denial of benefits unless the plaintiff has exhausted the remedies available

under the plan.'"  Sollon v. Ohio Cas. Ins. Co., 396 F. Supp. 2d 560, 589-90 (W.D. Pa. 2005),

quoting Weldon v. Kraft, Inc., 896 F.2d 793, 800 (3d Cir. 1990).

The "court is compelled to adhere to the proscribed concerns and dictates of Congress

and the courts, requiring initial exhaustion of internal remedies *before* an action [on the claim]

can be brought in the federal courts under ERISA."  Lucas v. Warner & Swasey Co., 475

F.Supp. 1071, 1075 (E.D. Pa. 1979) (emphasis supplied).  "Courts review ERISA-plan benefit

decisions on the evidence presented to the plan administrators, not on a record later made in

another forum [such as the instant judicial forum]."  Heller v. Fortis, 142 F.3d 487, 493 (D.C.

Cir. 1998), quoting, Block v. Pitney Bowes Inc., 952 F.2d 1450, 1455 (D.C. Cir. 1992).  An

administrator's consideration of the case on the merits "will greatly enhance [the court's] ability

to review the rationale of their ultimate decision . . . and would provide a far more suitable basis

for exercise of the limited judicial review mandated for cases of this sort."  Tomczyscyn v.

Teamsters, Local 115, 590 F. Supp. 211, 215-16 (E.D. Pa. 1984).

The Third Circuit in D'Amico v. CBS Corp., 297 F.3d at 293, quoted a treatise in noting

that "'[f]ailure to exhaust the review procedures provided by the plan may result in dismissal

with prejudice of (or summary judgment upon) any lawsuit brought to challenge a denial of

benefits.' James F. Jorden, Waldemar J. Pflepsen, Jr., & Stephen H. Goldberg, *Handbook on*

*ERISA Litigation* § 4.04 [B][3][a] (2d ed. 2000 Supplement)."  The court continued, "Plaintiffs'

14

decision to bring a federal suit rather than pursuing administrative remedies plainly included the possibility of summary judgment based on failure to exhaust" and "[t]he District Court did not abuse its discretion by exercising that option."  Id.

Moreover, in this case Plaintiff, failed to request an administrative review/appeal to exhaust administrative remedies, further warranting dismissal of the action.

## V.    CONCLUSION

For all the foregoing reasons, Defendant, Unum Life Insurance Company of America, respectfully requests that this Court enter an Order granting its Motion to Dismiss Plaintiffs' Complaint for failure to state a claim, as ERISA preempts all of the state law claims asserted against Unum Life in Plaintiff's Complaint and Plaintiff failed to exhaust his ERISA administrative remedies before bringing suit.

**WHITE AND WILLIAMS LLP**

By:____*/s/ James S. Yoder*_____
           James S. Yoder (DE# 2643)
           824 N. Market Street, Suite 902
           P.O. Box 709
           Wilmington, DE 19899-0709
           Phone: 302-467-4524
           Fax:    302-467-4554
           Email:  yoderj@whiteandwilliams.com

                  and

           Elizabeth A. Venditta, Esquire
           1650 Market Street
           One Liberty Place, Suite 1800
           Philadelphia, PA 19103-7395
           Phone: 215-864-6392
           Fax:    215-789-7592
           Email:  *vendittae@whiteandwilliams.com*
           Attorneys for Defendant,
Dated: December 20, 2012           Unum Life Insurance Company of America

15